UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SINCERE SMITH,

                         Plaintiff,

        -against-                     20-CV-8991 (CM)

SUPERINTENDENT MILLER; C.O. B. HUGGLER; SGT. JOHN DOE; C.O. A. DOWNING; D.S.S. FRASIER,      TRANSFER ORDER

                        Defendant.

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated at Great Meadow Correctional Facility ("Great Meadow"), brings this *pro se* action under 42 U.S.C. § 1983. He alleges that Defendants were deliberately indifferent to a serious risk of harm to him from other prisoners at Great Meadow, in violation of his Eighth Amendment rights.[1] For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

      Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

---

[1] By order dated November 16, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

Plaintiff alleges that on October 4, 2020, another prisoner at Great Meadow slashed him in the face with a weapon while they were in the general population recreation yard, causing him serious injuries. Plaintiff contends that Defendants knew that there had been similar assaults recently and that prisoners were hiding ceramic razors in their mouths. Defendants nevertheless failed to check for weapons or have functioning security cameras in the recreation yard and required up to 100 prisoners to line up near each other.

Great Meadow is in Comstock, New York, in Washington County, and Plaintiff provides addresses for all Defendants in Washington County. Because Plaintiff alleges that all of the events or omissions giving rise to his claim arose outside this district, and that all Defendants reside outside this district, venue is not proper in this Court under § 1391(b)(1), (2).

Plaintiff's claims arose in Washington County, which is in the Northern District of New York. *See* 28 U.S.C. § 112(a). Accordingly, venue is proper in the Northern District of New York, 28 U.S.C. § 1391(b)(2), and the Court transfers this action to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Northern District of New York. A summons shall not issue from this Court. This order closes the case in this Court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 16, 2020
       New York, New York

                                        COLLEEN McMAHON
                                    Chief United States District Judge