UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SINCERE SMITH,

                        Plaintiff,

v.                                                9:20-CV-1435
                                                   (GTS/CFH)

MILLER, Super.; C.O. B. HUGGLER;
C.O. A. DOWNING; D.S.S. FRASIER,
Dep. Super. of Security; and SGT.
JOHN DOE,

                        Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

SINCERE SMITH, 18-A-4013
  Plaintiff, *Pro Se*
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403

HON. LETITIA A. JAMES                        BRENDA T. BADDAM, ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Sincere Smith ("Plaintiff") against the five above-captioned employees of the New York State Department of Corrections and Community Supervision ("Defendants") pursuant to 42 U.S.C. § 1983, are (1) Defendants' motion for summary judgment based on Plaintiff's failure to exhaust

his available administrative remedies before filing suit, and their partial motion to dismiss Plaintiff's claims against Defendants Frasier and Miller for failure to state a claim, and (2) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Defendants' motion for summary judgment be denied and that their partial motion to dismiss be granted.  (Dkt. Nos. 23, 30.)  Neither party has filed an objection to the Report-Recommendation, and the deadline by which to do so has expired.  (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, the Court can find no clear-error in Magistrate Judge Hummel's thorough Report-Recommendation:[1] Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, Defendants' motion for summary judgment is denied, and Defendants' partial motion to dismiss is granted.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 30) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 23) is **DENIED**; and it is further

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**ORDERED** that Defendants' partial motion to dismiss Plaintiff's claims against Defendants Frasier and Miller for failure to state a claim (Dkt. No. 23) is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court is directed to **TERMINATE** as Defendants in this action Defendants Frasier and Miller; and it is further

**ORDERED** that, within **FOURTEEN (14) DAYS** from the date of this Decision and Order, Plaintiff shall **SHOW CAUSE** in writing as to why his claims against Defendant Sgt. John Doe should not be *sua sponte* **DISMISSED without prejudice** for failure to serve under Fed. R. Civ. P. 4(m) and/or failure to prosecute/comply with a Court Order pursuant to Fed. R. Civ. P. 41(b).

<u>The parties are respectfully advised that, in the near future, the undersigned shall be appointing *pro bono* trial counsel for Plaintiff, and that the undersigned's Courtroom Deputy will be contacting counsel in order to schedule a trial in this action, which shall begin with an exhaustion hearing</u>.

Dated: January 18, 2022
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

3