UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

SINCERE SMITH,

                              Plaintiff,          Civil Action No.
                                                  9:20-CV-1435
                    v.                            (GTS/CFH)

C.O. B. HUGGLER, et al.,

                              Defendants.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

APPEARANCES:                                      OF COUNSEL:

SINCERE SMITH
18-A-4013
Plaintiff, pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

HON. LETITIA JAMES                                BRENDA T. BADDAM, ESQ.
New York State Attorney General                   Assistant Attorney General
Counsel for Defendants Huggler and Downing
The Capitol
Albany, NY 12224

CHRISTIAN F. HUMMEL
United States Magistrate Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

        Currently pending in this prisoner civil rights action is plaintiff's motion for leave to

amend his complaint to add one new defendant and two new claims.  Dkt. No. 38 ("Am.

Compl.").  For the reasons set forth below, plaintiff's motion is granted in part and otherwise

denied.

## II.    BACKGROUND

Plaintiff's original complaint was reviewed by the Court pursuant to its obligations under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Dkt. No. 11 ("December Order").  In the December Order, the Court construed the complaint to assert Eighth Amendment claims against defendants B. Huggler, A. Downing, Sergeant John Doe, Superintendent Miller, and Deputy Superintendent of Security Frasier arising from an incident at Great Meadow Correctional Facility ("Great Meadow C.F.").  *Id.* at 2-3.  The Court accepted the complaint in its entirety in the December Order and directed defendants to respond.  *Id.* at 6.

Following service of process on defendants Huggler, Downing, Miller, and Frasier, the defendants moved to dismiss the complaint.  Dkt. No. 23.  The Court issued a Report and Recommendation on November 18, 2021, recommending the motion be granted in part and denied in part.  Dkt. No. 30 ("Report and Recommendation") at 28-29.  In particular, the Court recommended that the portion of the defendants' motion requesting dismissal of all claims for failure to exhaust administrative remedies be denied but that the claims asserted against defendants Miller and Frasier be dismissed for failure to state a claim upon which relief may be grated pursuant to Rule 12(b)(6).  *Id.*  On January 18, 2022, Chief District Judge Glenn T. Suddaby adopted the Report and Recommendation.  Dkt. No. 31.

Defendants Downing and Huggler filed an answer to the complaint on January 26, 2022.  Dkt. No. 32.  On the same date, plaintiff filed a letter requesting to amend his complaint and conceding that the claims against defendant John Doe should be dismissed.  Dkt. No. 33.  Chief Judge Suddaby thereafter dismissed the claims asserted against defendant John Doe in a text order issued the same day.  Dkt. No. 34.  In addition, although

2

the Chief initially held in abeyance plaintiff's request to amend his complaint, he later denied the request when plaintiff failed to comply with a Court Order.  Dkt. Nos. 35-36.

Plaintiff filed his currently pending motion to amend on March 18, 2022.  Am. Compl. The pleading alleges, in relevant part, that, on October 4, 2020, while plaintiff was standing in line in Great Meadow C.F., he was assaulted from behind by another inmate while defendant Huggler, defendant Downing, and newly named defendant Brooks "watched from aprox [sic] 20 ft away, Even after plaintiff called for help desperately[.]"  *Id.* at 3.  None of the three defendants made any attempt "to prevent the attack or protect plaintiff from further assault." *Id.*  The amended complaint also alleges that defendants fabricated parts of their incident reports by "alleging plaintiff was in a fist fight."  *Id.* at 4.  Defendant Downing also denied plaintiff access to medication after he was given stiches to close his wounds.  *Id.*

Liberally construing the amended complaint, the pleading asserts Eighth Amendment failure to intervene and fabrication claims against defendants Huggler, Downing, and Brooks, and an Eighth Amendment deliberate medical indifference claim against defendant Downing. *See generally* Am. Compl.

## III.   DISCUSSION

### A.   Governing Legal Standard

Plaintiff's motion for leave to file an amended complaint is governed by Rule 15 of the Federal Rules of Civil Procedure.  Given the present procedural posture of the case, plaintiff is no longer permitted to amend as a matter of right under that rule, and instead may amend "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a). Under Rule 15(a), leave to amend should freely be granted absent the finding of undue delay, bad faith, dilatory tactics, undue prejudice in being served with a proposed pleading, or

futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord, Elma R.T. v. Landesmann Int'l Mktg. Corp.*, No. 98-CV-0662, 2000 WL 297197, at *3 (S.D.N.Y. Mar. 22, 2000).

Although leave to amend should ordinarily be granted, if a claim contained within a proposed amended complaint would be vulnerable in the face of a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, then permitting amendment would be a futile act that should not be sanctioned. *See, e.g., Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 124 (E.D.N.Y. 1996); *In re Boesky Secs. Litig.*, 882 F. Supp. 1371, 1379 (S.D.N.Y. 1995). If, on the other hand, a "proposed claim sets forth facts and circumstances which may entitle the plaintiff to relief, then futility is not a proper basis on which to deny the amendment." *Saxholm*, 938 F. Supp. at 124 (citing, inter alia, *Allstate Ins. Co. v. Administratia Asigurarilor De Stat*, 875 F. Supp. 1022, 1029 (S.D.N.Y. 1995)).

**B.     Analysis**

**1. Eighth Amendment Failure to Intervene**

Prison officials have a duty to intervene and prevent a cruel and unusual punishment, prohibited by the Eighth Amendment, from occurring or continuing. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *Hayes v. New York City Dep't of Corrs.*, 84 F.3d 614, 620 (2d Cir. 1996); *see also Ayers v. Coughlin*, 780 F.2d 205, 209 (2d Cir. 1985) ("The failure of custodial officers to employ reasonable measures to protect an inmate from violence by other prison residents has been considered cruel and unusual punishment."). A plaintiff asserting a failure to intervene or protect claim must allege that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the defendant actually knew of and disregarded an excessive risk of harm to the plaintiff's health and safety. *Hayes*, 84 F.3d at 620.

In this case, plaintiff's amended complaint sufficiently alleges a failure to intervene claim against defendants Huggler, Downing, and Brooks.  More specifically, the amended complaint alleges that plaintiff was attacked by another inmate at Great Meadow C.F., and that the three defendants witnessed the attack from 20 feet away, saw the blood from the attack, and ignored plaintiff's pleas for assistance.  Am. Compl. at 3.  In light of these allegations, plaintiff's motion to amend is granted to the extent the amended pleading asserts Eighth Amendment failure to interfere claims against defendants Huggler, Downing, and Brooks.

### 2.  Eighth Amendment Deliberate Medical Indifference

Plaintiff's amended complaint newly asserts an Eighth Amendment deliberate medical indifference claim against defendant Downing.  Dkt. No. 38 at 4.

The Eighth Amendment's prohibition against cruel and unusual punishment establishes "the government's obligation to provide medical care for those whom it is punishing by incarceration."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  A claim alleging that prison officials have violated this constitutional right must satisfy both objective and subjective requirements.  *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996); *accord, Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).  To satisfy the objective requirement, the alleged deprivation must be "sufficiently serious."  *Hathaway*, 99 F.3d at 553; *see also Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) ("[T]he objective test asks whether the inadequacy in medical care is sufficiently serious.").  To satisfy the subjective requirement "[i]n medical-treatment cases . . ., the official's state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health."  *Salahuddin*, 467 F.3d at 280.

"Deliberate indifference," in a constitutional sense, "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Id.*; *see also Farmer*, 511 U.S. at 837 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

As alleged in the amended complaint, defendant Downing escorted plaintiff to the prison hospital after he was attacked and "told the doctor who stitched plaintiffs [sic] wounds that plaintiff had to be taken to the shu due to the incident & did not allow plaintiff to get any medication in opposition to plaintiffs [sic] pleas that he would need medication for pain & antibiotics to prevent infection."  Am. Compl. at 4.  With due respect to plaintiff's pro se status, these allegations neither allege that the failure to allow plaintiff to receive medication was sufficiently serious or that defendant Downing's interference amounted to deliberate indifference.  There are no allegations that plaintiff was prescribed medication by a doctor and that defendant Downing refused plaintiff access to it.  Nor does the amended complaint allege that the doctor recommended any medications, including pain medication or antibiotics, to plaintiff following the closure of the wounds.  Instead, plaintiff merely alleges that he speculated to defendant Downing that he may need medication to prevent an infection.  *Id.*  Without more, these allegations do not plausibly suggest that defendant Downing's interference posed a substantial threat to plaintiff's health or that defendant Downing interfered knowing there was a substantial risk to plaintiff's health and ignored it. For these reasons, plaintiff's Eighth Amendment deliberate medical indifference claim is futile, and plaintiff's motion to amend is denied insofar as it asserts that claim against defendant Downing.

### 3. Fabrication Claims

Plaintiff's amended complaint also newly alleges that defendant Downing lied in his incident report that plaintiff had a weapon during the attack and that all defendants lied in their reports by stating that plaintiff was in a fist fight.  Am. Compl. at 4.  To the extent plaintiff purports to assert a constitutional claim against the defendants based on these allegations, the claims are not cognizable.  *See, e.g., Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir. 1986) (finding that "the defendant's filing of unfounded charges [on its own] did not give rise to a per se constitutional violation actionable under section 1983"); *Dorsey v. Fischer*, No. 09-CV-1011, 2010 WL 2008966, at *12 (N.D.N.Y. May 19, 2010) (concluding that the plaintiff's allegation that the defendant lied to him "fail[ed] to state a claim of constitutional dimension").  Accordingly, because these claims are futile, plaintiff's motion to amend is denied insofar as it attempts to assert fabrication claims against the defendants.

## IV.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for leave to amend (Dkt. No. 38) is **GRANTED** in part only insofar as the amended complaint asserts Eighth Amendment failure to intervene claims against defendants Huggler, Downing, and Brooks; and it is further

**ORDERED** that plaintiff's motion to amend (Dkt. No. 38) is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk shall add defendant C.O. K. Brooks to the docket as a defendant; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the amended complaint, to the United States Marshal Service for service of process on defendant Brooks; and it is further

**ORDERED** that defendants Huggler, Downing, and Brooks shall respond to the amended complaint in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**


DATED:  May 5, 2022

　　　　　Albany New York



Christian F. Hummel
U.S. Magistrate Judge